Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| A. KIM STEPHENS, an Individual,<br><br>      Plaintiff,<br><br>  v.<br><br>LEGACY-GOHEALTH URGENT CARE AND LEGACY HEALTH, corporations<br><br>      Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $150,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**<u>JURY TRIAL REQUESTED</u>** |

  COMES NOW, Plaintiff A. Kim Stephens, through counsel, to file this Complaint for Damages against the above-named Defendants. Plaintiff alleges as follows:

## INTRODUCTION

  This case goes to heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the controversies surrounding management of the COVID-19 pandemic and the vaccine mandates that have swept the nation. In the end, though, this case is about the Plaintiff and the unlawful religious discrimination she encountered at the

hands of her employer, Legacy-GoHealth and Legacy Health.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. Plaintiff lives in Damascus, Oregon. Defendants are corporations with more than 500 employees that do regular, sustained business activity in the State of Oregon. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on November 17, 2022.

2.

At all times material to this Complaint, Defendants were regularly conducting business in the State of Oregon, specifically at the Oregon City, Oregon Legacy-GoHealth Urgent Care facility in Clackamas County.

3.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

4.

Plaintiff worked a total of four (4) years as a medical assistant certified to conduct X-Rays. She received exclusively positive performance reviews.

5.

Plaintiff is also a devoutly religious member of the Christian faith who endeavors at all times to follow the teachings of Christ.

6.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

7.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities. For 18 months, Plaintiff scrupulously followed hospital rules and regulations to protect against infection, which included the wearing of personal protective equipment (herein, "PPE"), testing for COVID-19, hand-washing and other hygiene protocols, social distancing when possible, and quarantining if necessary.

8.

Plaintiff contracted and recovered from COVID-19 in November 2020 and January 2021.

9.

Plaintiff continued to provide an exceptional quality of work at the Defendants' facility. Like so many health care workers during the pandemic, Plaintiff adjusted her life to best ensure the safety of her patients and colleagues. Plaintiff did so with little thought to her own self because of her dedication to her work and to the Defendant's patients. Plaintiff also scrupulously followed hospital rules and regulations to protect against infection, which included the wearing of PPE, testing for COVID-19, hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary.

10.

In the summer of 2021, Defendant announced its intent to impose a COVID-19 vaccine mandate. Plaintiff, as a devout Christian, did not believe it was consistent with her faith to take the vaccine. Accordingly, Plaintiff applied for a religious exception to the vaccine mandate on or about September 1, 2021.

11.

On September 30, 2021, Plaintiff was informed that her application was denied.

12.

Plaintiff was placed on unpaid administrative leave on September 30, 2021 and was ultimately terminated on October 21, 2021.

13.

Plaintiff lost her income as a consequence of the Defendant's unlawful actions, which caused emotional and financial impacts to her family, including being unable to make contributions to her retirement fund.

14.

Plaintiff was shocked and dismayed by Defendant's treatment of her. Plaintiff suffered increased anxiety and stress, which had previously been under control, and felt distrustful and fearful of being judged.

15.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating her being placed on unpaid administrative leave.

16.

According to information and belief, the Defendant's adverse employment actions against Plaintiff were not, as it has claimed, to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and an unacceptable retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no unfair burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

17.

Because of the Defendant's unlawful termination of Plaintiff, Plaintiff has suffered severe

economic loss and emotional distress.

## FIRST CLAIM FOR RELIEF

## (Unlawful Employment Discrimination Based on Religion

## in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

18.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

19.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

20.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant denied her requested exemption and failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

21.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

22.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $50,000.00 in economic damages, or a different amount to be

determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## SECOND CLAIM FOR RELIEF

### (Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

23.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

24.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

25.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

26.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

27.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $50,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $50,000.00.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 6th day of February, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff