IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **A. KIM STEPHENS**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LEGACY HEALTH** and **LEGACY-GOHEALTH URGENT CARE**, corporations,<br><br>Defendants. | Case No. 3:23-cv-00206-SB<br><br>ORDER ADOPTING IN FULL AND CLARIFYING IN PART THE FINDINGS AND RECOMMENDATION |

Caroline Janzen, Janzen Legal Services, LLC, 4550 SW Hall Blvd, Beaverton, OR 97005. Attorney for Plaintiff.

Brenda K. Baumgart and Madeleine Sophie Shaddy-Farnsworth, Stoel Rives LLP, 760 S.W. Ninth Ave., Suite 3000, Portland, OR 97205. Attorneys for Defendant Legacy Health.

Bradley J. Krupicka, O'Hagan Meyer PLLC, 805 SW Broadway, Ste. 2280, Portland, OR 97205, and Brenda K. Baumgart, Stoel Rives LLP, 760 S.W. Ninth Ave., Suite 3000, Portland, OR 97205. Attorneys for Defendant Legacy-GoHealth Urgent Care.

**IMMERGUT, District Judge.**

On October 23, 2023, Magistrate Judge Stacie Beckerman issued her Findings and Recommendation ("F&R"), ECF 26, recommending that Defendants' Motions to Dismiss, ECF

PAGE 1 – ORDER ADOPTING THE FINDINGS AND RECOMMENDATION

6, ECF 11, be GRANTED in part and DENIED in part. No party filed objections. This Court ADOPTS Judge Beckerman's F&R in full and CLARIFIES the F&R in part, as discussed below.

## LEGAL STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Defendants argue that they are entitled to dismissal of Plaintiff's complaint with prejudice because, as a matter of law, they could not have reasonably accommodated Plaintiff "without undue hardship." ECF 6 at 7, 11–19; ECF 21 at 1–2, 6–17. This Court agrees with Judge Beckerman's conclusion that Defendants have not met their burden of showing that any accommodation would have resulted in an undue hardship here. But to the extent Judge Beckerman suggests undue hardship is necessarily relegated to stages of litigation that involve more materials or evidence, such as motions for summary judgment or preliminary injunction, this Court offers the following clarification. It is plausible that a defendant could meet its burden of showing undue hardship at the dismissal stage. A defendant's ability to satisfy a showing of undue hardship at the dismissal stage will depend on the robustness of the record and the

PAGE 2 – ORDER ADOPTING THE FINDINGS AND RECOMMENDATION

materials a court can properly consider, but this Court does not find it to be impossible as a matter of law.

## CONCLUSION

No party having filed objections, this Court has reviewed the F&R, ECF 26, and accepts Judge Beckerman's conclusions. Judge Beckerman's F&R, ECF 26, is adopted in full and clarified by the above discussion. Accordingly, this Court GRANTS in part and DENIES in part Defendants' Motions to Dismiss, ECF 6, ECF 11. Defendants' motions are granted on the ground that Plaintiff failed plausibly to allege that her anti-vaccination beliefs are religious in nature. Plaintiff is granted leave to file an amended complaint within fourteen days of the issuance of this Order. Defendants' motions are denied on the ground that, as a matter of law, Defendants could not have reasonably accommodated Plaintiff without undue hardship.

**IT IS SO ORDERED**.

DATED this 14th day of November, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge